## Frederick Rabberman v. R. B. F. Peirce, Receiver.

✓1. BILL OF EXCEPTIONS—*On Motion for New Trials.*—Where the overruling of a motion for a new trial, upon which affidavits were read, is assigned for error, the bill of exceptions must show that it contains all the affidavits read, or the court will presume that there were others read sufficient to sustain the action of the trial court.

2. SAME—*Insufficient Statements.*—The statement in a bill of exceptions at the close of the evidence that "the foregoing was all the evidence introduced on the trial," has no reference or application to affidavits filed afterward in support of a motion for a new trial.

3. PRACTICE—*Questions Which Can Not be Raised after Verdict.*— Where a party litigant has reason to think that his right to an impartial trial has been prejudiced by a speech made in the trial of a previous case, in the hearing of the jurors in attendance upon the court, he may move for a continuance, or he may interrogate the jurors and challenge such of them as are found prejudiced by the speech, but he can not raise the question for the first time after verdict.

**Transcript from a Justice of the Peace.**—Appeal from the Circuit Court of Madison County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the February term, 1896. Affirmed. Opinion filed June 18, 1896.

HADLEY & BURTON, attorneys for appellant.

W. P. TYLER, attorney for appellee; CLARENCE BROWN, of counsel.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

In support of the motion for a new trial certain affidavits were filed, in which it was stated that the attorney for appellee in his argument in another case between the parties to this record, which was tried immediately before the trial of this case, unjustifiably and grossly abused appellant in the presence and hearing of the members of the regular panel of jurors, who were soon thereafter called and sworn to try the issues in this case. Counsel for appellant contend that a new trial should have been granted on the

ground that the jurors may have been prejudiced against appellant by this abusive speech.

But the record fails to show that it contains all of the affidavits submitted to the court on this question. Counter affidavits could have been filed, and presumably were filed, in a case like this, in which the record does not assert the contrary. The statement of the record at the close of the evidence that the foregoing was all of the evidence introduced on the trial, has no reference to affidavits filed afterward in support of a motion for a new trial.

The course which ought to have been pursued by appellant, who heard the offensive speech, was to make a motion for a continuance of this case, if he thought the jurors were so prejudiced against him as to prevent him from having a fair trial before them. Or, the jurors might have been interrogated on the subject when they were examined touching their competency as jurors, and such of them as were prejudiced by the speech, might have been challenged for that reason. Certainly appellant can not raise this question for the first time after verdict, and then, without showing that a single juror was influenced on this trial by the obnoxious speech in the other trial, succeed in having the verdict set aside and a new trial granted. The law requires a suitor to be vigilant in the assertion of his rights and will not permit him to overturn a verdict by objections to the competency of jurors which were within his knowledge and might have been presented to the court before the jurors were sworn to try the issues.

We have carefully examined the record, and have found no good reason for a reversal of the judgment. The evidence supports the verdict, and the charge to the jury is substantially accurate.

It may be that the court should not have refused appellant's thirteenth instruction. But the error was harmless, for the reason that the jury found against appellant on the whole case, and the refusal to instruct as to the right to recover attorney's fees could not have affected the verdict.

The judgment is affirmed.